# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN JOHNSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF ATWATER, et al.,<br><br>　　　　Defendants.<br><br>CITY OF ATWATER,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>RICHARD DEAN JOHNSON, et al,<br><br>　　　　Counter-Defendants. | Case No. 1:18-cv-00920-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT DEOL LAKHWINDER'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 16, 19, 22)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Richard Dean Johnson and Lori Johnson[1] (collectively "Plaintiffs") filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Lakhwinder Deol's motion for summary judgment which has been referred to the undersigned. (ECF Nos. 16, 21.)

Having reviewed the record, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g).

---

[1] For ease of reading, the Court shall refer to the plaintiffs by their first names when referring to the individual plaintiff.

# I.

# PROCEDURAL HISTORY

Plaintiffs have been engaged in a longstanding and ongoing dispute with the City of Atwater ("the City") regarding water service and have filed several actions against the City and various city officials. See Johnson v. City of Atwater, no. 1:16-cv-01636-AWI-SAB (E.D. Cal.); Johnson v. City of Atwater, no. 1:19-cv-00237-DAD-SAB (E.D. Cal.).

On July 8, 2018, Plaintiffs filed the complaint in this matter against the City of Atwater, Samuel Joseph, Jim Price, and Lakhwinder Deol (collectively "Defendants") alleging violations of the First, Fourth, and Fourteenth Amendments and state law claims. (ECF Nos. 1.) On September 4, 2018, Defendants City, Joseph and Price filed an answer; and Defendants City and Lakhwinder Deol filed an answer and Defendant City filed a counterclaim against Plaintiffs alleging breach of contract and violation of California Civil Code section 1882.1 et seq. (ECF Nos. 8, 9.) On October 2, 2018, the scheduling order setting all deadlines in this action issued. (ECF No. 16.)

On July 22, 2019, Defendant Deol Lakhwinder filed a motion for summary judgment. (ECF No. 16.) Plaintiffs filed an opposition on August 20, 2019. (ECF No. 19.) On August 27, 2019, the matter was referred to the undersigned for the preparation of findings and recommendations. (ECF No. 21.) Defendant Deol filed a reply on August 28, 2019. (ECF No. 22.)

# II.

# ALLEGATIONS IN COMPLAINT

Plaintiffs have had difficulty making their water payments, concerns regarding how their bill was calculated, and dispute some of the charges on their billing. They attempted to pay their water bill but the City refused to accept payment. Plaintiffs have been without access to water since March of 2017.

The United Nations General Assembly has resolved that the right to water and sanitation is an integral component of the realization of all human rights. California has recognized that every human being has the right to safe, clean, affordable, and accessible water adequate for

human consumption, cooking and sanitation purposes. Governor Brown enacted the Low Water Rate Assistance Program to develop a plan to fund and implement a program to ensure that all California residents have access to water.

Twenty-six percent of the City's residents fall below the poverty line. There is assistance provided to low income residents for electric and gas utilities, but not for water, sewer, or garbage. The lack of an affordable water program has caused Plaintiffs' difficulty in making some of their utility payments.

Plaintiffs have resided at 1675 Drakeley Avenue in Atwater since 2005. In 2013, Plaintiffs began to dispute some charges on their water bill and fell behind in their payments. On July 27, 2016, Plaintiffs entered into a payment extension agreement with the City. Defendant Price assured Plaintiffs that the City would work with them in their attempts to comply with the agreement. Plaintiffs again fell behind on their water payments and their water service was terminated in March 2017.

Plaintiffs attempted to resolve the issue with Defendant Price shortly after their water service was disconnected, but Defendant Price refused to meet with them. On September 6 and 7, Plaintiffs went to City Hall to pay the outstanding charges and have the water service at their home reconnected. City staff, under the direction of Defendant Doel, refused to accept any money from Richard and their water service has not been restored.

On October 9, 2017, Richard attended a city council meeting. While he was speaking, Defendant Price violated his First Amendment rights by interrupting Richard and refusing to allow him to continue speaking. Other members of the public were allowed five minutes each to address the council during the public comment period. Richard had only been speaking for one minute when he was stopped. Richard verbally protested as he turned to walk out of the council chambers.

Defendant Price followed Richard and arrested him for a misdemeanor. During the arrest, Defendant Joseph twisted Richard's arm, causing damage to his shoulder and bruises. Richard was held for approximately thirteen hours and was released the next day at approximately 6:00 a.m. Richard was charged with a violation of section 403 of the California Penal Code and the

charges were dismissed by the prosecutor on March 6, 2018.

Defendant City is a general law city organized under the California Government Code. The City has many departments, including the Atwater Police Department and Finance Department. The City Council is a legislative body of the City under the leadership of the mayor, Jim Price. Samuel Joseph is the former Police Chief for the City. Lakhwinder Deol is the finance director and, under her direction, staff refused to accept any payments from Plaintiffs and refused to restore running water to their home.

Plaintiffs bring three causes of action in the complaint: 1) right to be secure from unreasonable false arrest and excessive force in violation of the Fourth Amendment; 2) interference by threat, intimidation, or coercion in violation of the Bane Act, California Civil Code section 52.1; and 3) denial of freedom of speech and the right to address grievances in violation of the First and Fourteenth Amendments. Plaintiffs are seeking monetary damages and injunctive relief.

### III.

### SUMMARY JUDGMENT LEGAL STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## IV.

## UNDISPUTED FACTS

1. On October 9, 2017, Plaintiffs attended the Atwater City Council meeting.

2. At the October 9, 2017 Atwater City Council meeting, Richard spoke during the public comment period.

3. After Richard used profanity in his comments, Defendant Price interrupted Richard and told him he could no longer speak.

4. Verbally protesting, Richard turned and began to walk out of council chambers, at the October 9, 2017 meeting.

5. Defendant Joseph followed Richard and arrested him. Richard was held for approximately 13 hours and released from custody the following morning.

6. Defendant Joseph made the decision to charge Richard with violation of Penal Code section 403, Disturbance at Assembly, based on Richard's actions at the October 9, 2017

Atwater City Council meeting.

7. The prosecutor later dismissed charges against Richard in March 2018.

8. Defendant Deol, who was the Finance Director for Atwater, did not attend the October 9, 2017 City Council meeting.

9. Defendant Deol was not aware of any events that occurred during the October 9, 2017 meeting, including Richard's arrest and detention, until long after the fact.

10. Defendant Deol was out on maternity leave from the first week of August until December 18, 2017.

11. Defendant Deol was not present at Atwater City Hall at any point during her maternity leave, and she did not attend any City Council meetings during that time.

**V.**

**DISCUSSION**

Defendant Deol moves for summary judgment on the ground that the complaint fails to state a claim against her and she was not working during the time period alleged in the complaint. Plaintiffs oppose the motion arguing that the claims were brought against Defendant Deol in her official capacity and seek substitution of Teri Albrecht, Acting Finance Director in place of Defendant Deol. Plaintiffs state that with this substitution they would agree to dismiss the individual capacity claims against Defendant Deol.

**A. Plaintiffs Concede that Defendant Deol is Not a Defendant for the First and Third Causes of Action**

Defendant Deol argues that she was not present or involved in the incidents that occurred at the October 9, 2017 council meeting and had no part in cutting Richard's comments short or having him arrested. Plaintiffs respond that they do not contend that Defendant Deol was included as a defendant for the first or third causes of action. Plaintiffs do not oppose dismissal of Defendant Deol from the first or third causes of action.

Accordingly, the Court recommends that Defendant Deol's motion be granted as to the first and third causes of action.

/ / /

6

**B.     Whether the Complaint States a Bane Act Claim Against Defendant Deol**

Defendant Deol argues that the complaint fails to state a claim against her. Plaintiffs oppose the motion arguing that the claims brought against Defendant Deol in the complaint are official capacity claims and the acting financial director should be substituted in Defendant Deol's place. Defendant Deol replies that Plaintiffs cannot bring a Bane Act claim against the finance director in his or her official capacity based on the allegations in the complaint.

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555. Finally, the conclusory allegations in the complaint are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681.

Plaintiffs' second cause of action alleges a violation of the Bane Act, Cal. Civ. Code § 52.1. The second cause of action states that "Defendants' agents and employees have used arrests, threats of arrest and intimidation to interfere with Plaintiffs' rights to free speech and address grievances as guaranteed by the Constitution of the United States, the Constitution of the State of California, and the statutory laws of the State of California." (Compl. ¶ 73, ECF No. 1.)

As to this cause of action, Defendant Deol argues that she was not present at the October

9, 2017 City Council meeting and did not provide any direction or take any action in concert with those who did perform the alleged actions.  Defendant Deol contends that the claim is against the arresting officers and she was not involved.

Plaintiffs counter that the events in the complaint are not limited to the events on October 9, 2017, and that they were deprived of running water from September 2017 to May 2019 due to the City staff refusing to accept their water payments.  Plaintiffs argue that the finance officer, acting in her official capacity, is responsible for accepting such payments and front line staff do not have the authority to decline to accept payment.  Plaintiffs assert that the intent of the refusal to accept payments was to coerce and intimidate Plaintiffs into taking down their signs and to stop them from talking at city council meetings.  Plaintiffs further argue that, a third party, after talking with City staff, developed a contract for Plaintiffs to sign in exchange for paying Plaintiffs' outstanding water bill and Plaintiffs refused to sign the contract.

Defendants reply that Plaintiffs have not and cannot allege facts to state a claim against the finance director for violation of the Bane Act.

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.' " Reese v. Cty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting Venegas v. County of Los Angeles, 153 Cal.App.4th 1230, 63 Cal.Rptr.3d 741, 742 (2007)).  Section 52.1 provides a cause of action against an individual who "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States" or the laws or constitution of California.  Cal. Civ. Code § 52.1(b)(c). However, the Act also provides that "[s]peech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k).

8

1    Section 52.1 does not provide any substantive protections, but allows an individual to bring suit for a violation of his existing rights under federal or state law. Reynolds v. Cty. of San Diego, 84 F.3d 1162, 1170 (9th Cir. 1996), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th Cir. 1997); City of Simi Valley v. Superior Court, 111 Cal.App.4th 1077, 1085 (2003). A violation of section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998). "Thus, if a plaintiff cannot prove that any of his substantive rights have been violated, his Bane Act claim will fail." Cal. Civ. Prac. Civil Rights Litigation § 3:16, Statutory history, language and purpose (citing Ritschel v. City of Fountain Valley, 40 Cal. Rptr. 3d 48 (Cal. App. 4th Dist. 2006)).

"The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Shoyoye v. Cty. of Los Angeles, 203 Cal.App.4th 947, 955–56 (2012) (quoting Jones, 17 Cal.4th at 334.) Although the Bane Act was enacted to address the rising incidents of hate crimes, there is no requirement that the plaintiff allege the defendant acted with discriminatory animus or intent due to the plaintiff's membership in a protected class. Shoyoye, 203 Cal.App.4th at 956. "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Id.; B.B. v. Cty. of Los Angeles, 25 Cal.App.5th 115, 128 (2018), as modified (July 12, 2018), reh'g denied (Aug. 9, 2018), as modified (Aug. 9, 2018). Liability under section 52.1 requires showing more than mere negligence. Shoyoye, 203 Cal.App.4th at 958. The purpose of the statue is not to provide relief for violations that are brought about by human error rather than intentional conduct. Id. at 959. "[T]he statute was intended to address only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful." Id. The focus is on "whether the circumstances indicate the [defendant] had a specific intent to violate the [plaintiff's civil rights][.] B.B., 25 Cal.App.5th at 133 (quoting Cornell v. City and County of San Francisco, 17

9

Cal.App.5th 766, 801-02 (2017)).

In their opposition, Plaintiffs argue that Defendant Deol prevented them from paying their past due water bill because they have placed signs in their yard and often speak out against City policies at City Council meetings. However, the complaint is devoid of any allegations that Defendant Deol directed employees to refuse to accept payments to interfere with their rights under the First Amendment. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 555. The Court finds on review of the complaint that it fails to provide Defendants with fair notice that the Bane Act claim which alleges interference with Plaintiffs' right to free speech and to address grievances was based on the failure to accept payment for water services.

In the first paragraph of the complaint, Plaintiffs addressed their longstanding dispute with the City over water and signs. (Compl. p. 1.) The complaint also seeks injunctive relief regarding their utility bill. (See, e.g. id. ¶ 10, 17.) The complaint alleges that Defendant Deol is the finance director, and under her direction and instruction, staff refused to accept any payments from Plaintiffs and refused to restore running water to their home. (Id. ¶¶ 39, 49.) Plaintiffs allege that under Defendant Deol's direction, staff refused to accept payment for Plaintiffs and to restore running water to their home and that the failure to provide them with running water caused them damage and was taking a toll on their emotional and physical wellbeing. (Id.) Devoid from the complaint are any allegations that Defendant Deol acted with the intent to interfere with Plaintiffs' right to free speech and did so to interfere with Plaintiffs' free speech activity, such as posting signs in their yard or speaking out at City Council meetings.

In contrast, the complaint clearly alleges that Defendant Price refused to allow Richard to speak at the council meeting and that Defendant Joseph falsely arrested Richard for speaking out at the meeting and used excessive force in such arrest. Plaintiffs Bane Act claim states that "Defendants' agents and employees have used arrests, threats of arrest and intimidation to interfere with Plaintiffs' rights to free speech and address grievances as guaranteed by the Constitution of the United States, the Constitution of the State of California, and the statutory laws of the State of California." (Compl. ¶ 73.)

Upon review of the complaint, the Court finds that it only provided notice that the basis of the Bane Act claim was the denial of the right to free speech by failing to allow Richard to speak at the council meeting and his subsequent arrest. The complaint alleges that city employees refused to accept the payment of Plaintiffs' delinquent water bill and restore water service to their home. There are no allegations that while Plaintiffs attempted to pay their water bill they were threatened with arrest or that the employees had Plaintiffs arrested. Nor are there any facts alleged that would suggest that in refusing to accept the payment the employees acted in a manner to intimidate Plaintiffs. The Court finds that Plaintiffs' complaint failed to provide Defendant Deol with fair notice that she was being alleged to have violated the Bane Act by directing employees to refuse to accept payment for the delinquent water bill and restore water to Plaintiffs' home to prevent them from exercising their First Amendment rights.

The Court next considers Defendants' argument that Plaintiffs did not state a claim against the finance manager because they do not have a right under state or federal law to pay their delinquent water bill and have water service restored to their residence. In the preliminary statement of their complaint, Plaintiffs state that they seek reinstatement of the July 27, 2016 agreement for amounts they are lawfully owed. (Compl. ¶ 10.) Plaintiffs cite to a United Nations General Assembly Resolution that "recognized the human right to water and sanitation[.]" (Id. ¶ 11.) Plaintiffs also cite to California Water Code asserting Governor Brown expanded the existing requirements for safe, clean water by including the requirement that water be affordable. (Id. ¶ 12.) Plaintiffs cite to "California Government Code, § 53069.4(a)(1) and California Health and Safety Code, § 5471(a) which allow the legislative body of a local agency, by ordinance, to make a violation of an ordinance subject to an administrative fine or penalty (emphasis added) and/or require a vote of the legislative body to approve fees and charges for utilities." (Id. ¶ 17.)

Plaintiffs state they are seeking injunctive relief in accordance with California Commercial Code section 3603(b) where tender of payment refused results in discharge of the debt to the amount of the tender. (Id. ¶ 43.) Plaintiffs also reference California Government Code sections 38790.1 and 25831 that govern the collection of delinquent fees or charges for garbage collection. (Id. at 61.) Plaintiffs contend that they are entitled to injunctive relief

because City residents have not had an opportunity to be heard on the matter of late fees and penalties applied to water, sewer, and garbage services as outlined in California Health and Safety Code section 5471 or California Government Code Section 25831.

"There are two distinct elements for a section 52.1 cause of action. A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. "Allen v. City of Sacramento, 234 Cal.App.4th 41, 67 (2015), as modified on denial of reh'g (Mar. 6, 2015). Further, Plaintiffs cannot prevail on a claim that is based upon speech alone, unless the speech threatens violence. Doe By & Through Doe v. Petaluma City Sch. Dist., 830 F. Supp. 1560, 1582 (N.D. Cal. 1993). Defendants contend that Plaintiff's complaint fails to plead either element to state a cognizable claim.

Plaintiffs' citations to California statutes regarding the enactment of fines and penalties do not create a statutory right under California law for Plaintiffs to receive water from a municipality. See Cal. Gov't Code § 53069.4 (enactment of administrative fines and penalties); Cal. Health & Safety Code § 5471 (power to proscribe and collect fees); Cal. Gov. Code § 38790.1 (authorizing city collection of delinquent garbage fees or charges as provided by section 25831); Cal. Gov. Code § 25831 (collection of delinquent fees by counties). Review of these statutes demonstrates that they address the ability to collect fees for services and are not a state created right to receive water without payment to the municipality. To the extent that Plaintiffs seek to challenge the fees charged by the City, they have not brought a due process claim in this action challenging the manner in which the fees have been assessed.

Plaintiffs rely on Water Code section 106.3(a) which states, "It is hereby declared to be the established policy of the state that every human being has the right to safe, clean, affordable, and accessible water adequate for human consumption, cooking, and sanitary purposes." While Plaintiffs rely on this statement to assert that they are entitled to affordable water, section 106.3 also states, "The implementation of this section shall not infringe on the rights or responsibilities of any public water system." Cal. Water Code § 106(e).

Since 1911, the California Constitution has "authorized the private establishment of public

works for providing services such as light, water, and power 'upon such conditions and under such regulations as the municipality may prescribe under its organic law.'" Jacks v. City of Santa Barbara, 3 Cal.5th 248, 264 (2017), reh'g denied (Aug. 16, 2017) (quoting Sen. Const. Amend. No. 49, Stats. 1911 (1911 Reg. Sess.) res. ch. 67, p. 2180)). "The power of the city to fix rates to be charged those customers residing within its boundaries is incidental to the power to 'establish and operate' public utility systems conferred by section 19 of article XI of the Constitution." Durant v. City of Beverly Hills, 39 Cal.App.2d 133, 137 (1940). Plaintiffs do not have a right under state law to receive water without payment of reasonable rates fixed by the municipality. Durant, 39 Cal.App.2d at 139.

Plaintiffs also cite Water Code section 189.5 which provides that the [State Water Resources Control Board] shall develop and establish a plan for the funding and implementation of a low-income water rate assistance program by January 1, 2018. Cal. Water Code § 189.5(b). The development of the Low-Income Water Rate Assistant Program does not create a right for Plaintiffs to receive water without payment of their water bill, rather it created a board to create recommendations and a program to assist low-income water users. Plaintiffs have failed to allege facts to demonstrate that they have a federal or state constitutional or statutory right to receive water without payment of the fees due for their water service.

As alleged in their complaint, Plaintiffs entered into a payment agreement with the City staff and breached the agreement. (Compl. ¶¶ 20, 21.) Plaintiffs citation to California Commercial Code section 3603(b) does not demonstrate a right under state law to receive water and Plaintiffs did not bring a claim in the complaint challenging the contract. Plaintiffs have failed to allege any facts to demonstrate that they have a right to receive water under either federal or statute constitutional or statutory law. Plaintiffs fail to state a claim under the Bane Act based on the issues related to their water service.

Further, even should such a right exist and the failure to accept payment have interfered with the right, the complaint does not allege any facts that the interference or attempted interference was by threats, intimidation or coercion. Plaintiffs have merely alleged that their payment was not accepted and this is insufficient to allege a specific intent to violate Plaintiffs'

13

state or federal rights by threats, intimidation or coercion as required to state a claim under the Bane Act. B.B., 25 Cal.App.5th at 133. Plaintiffs have failed to state a Bane Act claim against Defendant Deol in either her individual or official capacity.

Finally, while Plaintiffs speculate that Defendant Deol directed employees to refuse to accept their payment, allegations and mere speculation are insufficient to create a factual dispute to survive summary judgment. Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081 (9th Cir. 1996); Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc., 198 F.3d 1143, 1152 (9th Cir. 1999); Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 738 (9th Cir. 1979). Defendant Deol has presented evidence that she was off on maternity leave at the time that Plaintiffs attempted to make the payment. (Decl. of Lakhwinder Deol ¶ 3, ECF No. 16-5.) She did not make any decisions regarding the payment or give any instructions to anyone regarding whether to accept the payment. (Id. ¶ 6.) Defendant Deol was not even aware that Plaintiffs had attempted to make a payment until long after the fact. (Id.) Plaintiffs have presented no evidence to refute Defendant Deol's declaration and have failed to meet their burden to demonstrate that a genuine issue of material fact exists. Matsushita Elec. Indus. Co., 475 U.S. at 586.

For the reasons stated, the Court recommends that Defendant Deol's motion for summary judgment be granted.[2] Celotex Corp., 477 U.S. at 322.

### C. Plaintiffs' Request to Substitute Teri Albrecht

Plaintiffs contend that the complaint was brought against Defendant Deol in her official capacity and seek to substitute Teri Albrecht as the City Finance Director in Defendant Deol's place. As discussed above, Plaintiffs' have failed to state a claim for violation of the Bane Act related to their water service. Since Plaintiffs have failed to state a claim based on the actions of the finance director in her official capacity, the request to substitute Teri Albrecht should be denied as moot.

### D. Leave to Amend

Having found that Plaintiffs' complaint failed to state a claim against Defendant Deol for

---

[2] The Court declines to address Defendants' objections to Plaintiffs' evidence in support of the opposition to Defendant's motion for summary judgment or the additional arguments raised in the briefing.

violation of the Bane Act, the Court considers whether Plaintiffs should be granted leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). After a responsive pleading is filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

However, a scheduling order has issued in this matter and any amendment to the pleadings were due no later than November 30, 2018. (ECF No. 15 at 2.) Since a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending the pleadings, it is Rule 16's standards that are controlling. Johnson, 975 F.2d at 607-08. Under Rule 16 modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson, 975 F.2d at 609. The court is to consider the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Id.

Where the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

Upon review of the complaint, Plaintiffs have been aware of the facts that they assert state a claim against the City's finance director since September 6 and 7, 2017. The complaint failed to allege any facts that would lead to a reasonable inference that Plaintiffs' payment was rejected to interfere with their rights to free speech. Further, although Plaintiffs were aware that Defendants were asserting that the allegations in the complaint did not state a claim against the finance director they did not move to amend the complaint. Rather, Plaintiffs waited until they filed their

opposition and argued that the allegations were sufficient.

Any motion to amend the complaint was due in November 2018. Plaintiffs have been aware that Defendants were contesting the adequacy of their pleading to state a claim against the City's finance director since July 22, 2019 at the latest when the motion for summary judgment was filed and did not move to amend the complaint.

Currently all pretrial deadlines have passed and this matter is set to proceed to a pretrial conference on September 30, 2019 with a jury trial set for December 3, 2019. Allowing amendment of the complaint at this stage of the proceedings would require vacating the pretrial conference and trial dates and reopening discovery on the new factual claims. Based on Plaintiffs' lack of diligence, the court cannot find good cause, especially at this stage in the proceeding, to modify the scheduling order to allow amendment of the complaint. Accordingly, the Court finds that no amendment of the pleadings should be allowed.

## VI.

## CONCLUSION AND RECOMMENDATIONS

Plaintiffs concede to dismissal of Defendant Deol from the first and third causes of action and the Court finds that Plaintiffs have failed to state a claim under the Bane Act against Defendant Deol.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Deol's motion for summary judgment be GRANTED;
2. Plaintiffs' request to substitute Teri Albrecht in Defendant Deol's place be denied; and
3. Judgment be entered in favor of Defendant Deol.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28

U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2019**

_____
UNITED STATES MAGISTRATE JUDGE