UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ATWATER, et al., <br><br> Defendants. | No. 1:18-cv-00920-DAD-SAB <br><br> ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND FAILURE TO OBEY COURT ORDERS |

On July 8, 2018, plaintiffs Richard Dean Johnson and Lori Johnson (collectively, "plaintiffs") commenced this action against defendants City of Atwater, Samuel Joseph, Jim Price, and Deol Lakhwinder (collectively, "defendants"). (Doc. No. 1.) Plaintiffs' complaint asserts federal claims—violations of their First, Fourth, and Fourteenth Amendment rights—brought under 42 U.S.C. § 1983, as well as various state law claims. (*See generally id.*)

On August 21, 2019, the undersigned vacated the pretrial conference set for September 30, 2019, and the jury trial set for December 3, 2019, pending the court's ruling on defendant Lakhwinder's motion for summary judgment. (Doc. Nos. 16, 20.) On August 27, 2019, the undersigned issued an order referring defendant Lakhwinder's motion to the assigned magistrate judge. (Doc. No. 21.) On September 3, 2019, the magistrate judge issued findings and

1

recommendations recommending that defendant Lakhwinder's motion for summary judgment be granted.  (Doc. No. 23.)  The undersigned issued an order adopting the magistrate judge's findings and recommendations on December 30, 2019, and judgment was entered for defendant Lakhwinder that day, however, the court inadvertently failed to reschedule the pretrial conference and the jury trial dates in that order.  (Doc. Nos. 24, 25.)

Having discovered this oversight, on November 12, 2020, the court requested that the parties meet and confer to determine their availability for a status conference.[1]  After attorney Bruce Praet responded with defendants' availability and expressed that defense counsel were unable to reach plaintiffs' counsel, the undersigned set a status conference for November 23, 2020.  (Doc. No. 27.)  Attorneys Bruce Praet and Jerry Scott Miller appeared on behalf of the defendants.  (Doc. No. 28.)  No appearance was made by plaintiffs, and plaintiffs have not otherwise communicated with the court.  (*Id.*)

Based on plaintiffs' failure to appear at the November 23, 2020 status conference, it appears to the court that plaintiffs have abandoned the prosecution of this action.  *See also* L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").  Indeed, the court has not been in communication with plaintiffs since August 20, 2019, when they filed an opposition to defendant Lakhwinder's motion for summary judgment.  (*See* Doc. No. 19.)  "A court may dismiss an action . . . based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." *Jacobsen v. California*, No. 1:14-cv-00108-JLT, 2017 WL 3668618, at *1 (E.D. Cal. Aug. 24, 2017); *see also Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.").

Accordingly, **plaintiffs are hereby ordered to show cause in writing within fourteen (14) days of service of this order why this action should not be dismissed due to their failure**

---

[1] The undersigned apologizes for the delay in setting a status conference in this action.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion.  Unfortunately, that situation sometimes results in matters being overlooked for a period of time, and that occurred in this case.

**to prosecute this action**.  To the extent that plaintiffs believe they have not failed to prosecute this action, they are specifically directed to address their failure to appear at the November 23, 2020 status conference.  Plaintiffs are warned that their failure to timely respond to this order will result in dismissal of this action due to their failure to comply with court orders and failure to prosecute.[2]

IT IS SO ORDERED.

Dated:   **November 24, 2020**                              /s/ Dale A. Drozd
                                                                                UNITED STATES DISTRICT JUDGE

---

[2]  At the November 23, 2020 status conference, attorney Miller expressed that defendant City of Atwater is willing to have its cross-complaint brought against plaintiffs (Doc. No. 9) dismissed if this court dismisses plaintiffs' complaint for failure to prosecute.

3